GARY M. RESTAINO
United States Attorney
District of Arizona
David R. Zipps
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
520-620-7300
david.zipps@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Anthony Joseph Evans,<br><br>　　　　　Defendant. | CR 24-6868-TUC-RM (EJM)<br><br>PLEA AGREEMENT |

　　　The United States of America and the defendant agree to the following disposition of this matter:

### PLEA

1.　The defendant agrees to plead guilty to the Information, which charges him with a violation of 18 U.S.C. § 654, Officer or Employee of the United States Converting Property of Another, a Class C felony.

### Elements of the Offense

2.　The elements of the offense to which the defendant is pleading guilty are as follows:

　　a.　the defendant was an officer or employee of the United States or a department or agency thereof;

　　b.　the defendant knowingly and willfully embezzled or converted to his own use the money or property of another that came into his possession or under his control in the execution of such office or employment; and

      c. the defendant acted with the intention of depriving the owner of the use or benefit of the money or property.

### Maximum Penalties

3. The defendant understands that the maximum penalties for the offense to which he is pleading are a fine of $250,000, a term of ten years' imprisonment, or both, and a term of three years' supervised release.

4. Pursuant to 18 U.S.C. § 3663A, the defendant agrees that restitution in this case is mandatory and further agrees to make restitution to N.M. for all losses to include losses arising from charges not prosecuted as well as all relevant conduct in connection with those charges.

5. The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

6. Pursuant to 18 U.S.C. § 3013, the defendant must pay a special assessment of $100.00. The special assessment is due and payable at the time the defendant enters the plea of guilty, but in no event shall be paid later than the time of sentencing unless he is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

7. The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

### Immigration Consequences

8. The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Although there may be exceptions, the defendant understands that his guilty plea and

conviction for this offense make it practically inevitable and a virtual certainty that he will be removed or deported from the United States if he is not a United States citizen. The defendant agrees that the defendant has discussed this eventuality with their attorney. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

### STIPULATIONS, TERMS AND AGREEMENTS

#### Agreements Regarding Sentencing

9. <u>Stipulations</u>. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties stipulate and agree that

    a. Any prison sentence shall not exceed 12 months and one day.

    b. Pursuant to 18 U.S.C. § 3663A, defendant agrees to entry of an order of mandatory restitution to N.M. in the amount of $56,039.60, or the value of 1 Bitcoin and 10,990 XRP on the day of sentencing, whichever is higher. Defendant will pay $56,039.60 in prejudgment restitution to the Clerk of Court at least thirty (30) days prior to sentencing and consent to the entry of an order pursuant to L.R.Civ.P. 67.1 and 28 U.S.C. § 2041 directing the Clerk of the Court to accept and hold these funds for deposit until a judgment of conviction and restitution order have entered. Defendant will pay the balance of the restitution (if any), or $10,000, whichever is lower, within 30 days after a judgment of conviction and restitution order have entered. To the extent any restitution balance remains after this payment, defendant will make monthly payments towards the balance during any term of probation or supervised release in an amount determined by the Court.

    c. The loss amount for purposes of the Sentencing Guidelines is $56,039.60.

    d. The defendant abused a position of public or private trust in a manner that significantly facilitated the commission or concealment of the offense under U.S.S.G. § 3B1.3.

- 3 -

10. The defendant agrees not to seek any adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines. The defendant acknowledges that if he seeks any such adjustment or departure, the government may withdraw from the plea. Notwithstanding this agreement, the parties agree that the total offense level determined under Chapters Two and Three shall decrease by 2 levels if the defendant meets all the criteria for certain zero point offenders pursuant to U.S.S.G. § 4C1.1.

11. Nothing in this agreement precludes the defendant from asking for a variance from the final advisory sentencing guidelines range.

12. <u>Recommendation: Acceptance of Responsibility</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), if the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Guidelines sentencing offense level pursuant to U.S.S.G.§ 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

13. This agreement is expressly conditioned on the defendant's criminal history falling within Category I of the Sentencing Guidelines. If the defendant's criminal history exceeds Category I, the government may withdraw from the plea agreement.

14. <u>Non-Binding Recommendations</u>. The defendant understands that recommendations under Fed. R. Crim. P. 11(c)(1)(B) are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

15. The defendant understands that if he violates any of the conditions of his supervised release, the supervised release may be revoked. Upon such revocation,

notwithstanding any other provision of this agreement, the defendant may be required to serve a term of imprisonment or his sentence may otherwise be altered.

16. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

17. The defendant understands and agrees to cooperate fully with the United States Probation Office in providing (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution; (c) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

18. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw the defendant's guilty plea.

## Restitution

19. The defendant understands that an order of restitution will be included in the Court's Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

20. The defendant agrees that he will waive his right to appeal any order of the district court relating to restitution.

21. The defendant understands that the willful failure to pay the restitution and/or fine will be a violation of his supervised release and/or probation, which could subject him to a term of prison.

## Assets and Financial Responsibility

22. The defendant agrees that he will truthfully complete and return a financial affidavit that will be provided to him by the Financial Litigation Program of the United

States Attorney's office within 45 days after the completed change of plea hearing. The defendant further agrees he shall (i) make a full accounting of all assets, including real and personal property in which the defendant has any legal or equitable interest; (ii) permit the U.S. Attorney's Office to immediately obtain his credit reports in order to evaluate his ability to satisfy any financial obligation that is or might be imposed by the court; (iii) make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of his supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Program, for any purpose; (iv) cooperate fully with the government and the probation officer to execute such documentation as may be necessary to secure assets to be applied to restitution owed by the defendant. The defendant agrees to permit the probation officer to provide to the U.S. Attorney's Office copies of any and all financial information provided by the defendant to the U.S. Probation Office; (v) not (and shall not aid and abet any other party to) sell, hide, waste, spend, destroy, transfer or otherwise devalue any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures); and (vi) submit to an interview in which he will fully and truthfully answer all questions regarding the defendant's past and present financial condition. The defendant agrees that any failure to comply with the provisions in this paragraph that occurs prior to sentencing will constitute a violation of this plea agreement.

23. Pursuant to 18 U.S.C. § 3613, the defendant agrees that all financial obligations imposed by the court, including restitution, shall be due immediately upon judgment, shall be subject to immediate enforcement by the government, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect any periodic payment schedule). If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program pursuant to a payment schedule to be determined by the

1  court. The defendant understands that any schedules of payments imposed by the court,
2  including schedules imposed while he is incarcerated or on supervised release, are merely
3  minimum schedules of payments and not the only method, nor a limitation on the
4  methods, available to the government to enforce the judgment.

<u>Forfeiture, Civil, and Administrative Proceedings</u>

6      24.    Nothing in this agreement shall be construed to protect the defendant from
7  administrative or civil forfeiture proceedings or prohibit the United States from
8  proceeding with and/or initiating an action for civil forfeiture. Further, this agreement
9  does not preclude the United States from instituting any civil proceedings as may be
10 appropriate now or in the future.

<u>Waiver of Defenses and Appeal Rights</u>

12     25.    Provided the defendant receives a sentence consistent with this agreement
13 that does not exceed the statutory maximum or any stipulated sentence, the defendant
14 waives (1) any and all motions, defenses, probable cause determinations, and objections
15 that the defendant could assert to the indictment or information; and (2) any right to file
16 an appeal, any collateral attack, and any other writ or motion that challenges the
17 conviction, an order of restitution or forfeiture, the entry of judgment against the
18 defendant, or any aspect of the defendant's sentencing-including the manner in which the
19 sentence is determined, the determination whether defendant qualifies for "safety valve"
20 (U.S.S.G.§ 5C1.2 and 18 U.S.C. § 3553(f)), and any sentencing guideline determinations.
21 The defendant further waives: (1) any right to appeal the Court's entry of judgment
22 against defendant; (2) any right to appeal the imposition of sentence upon defendant
23 under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to
24 appeal the district court's refusal to grant a requested variance; (4) any right to
25 collaterally attack defendant's conviction and sentence under Title 28, United States
26 Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for
27 modification of sentence, including under Title 18, United States Code, Section 3582(c)
28 (except for the right to file a compassionate release motion under 18 U.S.C. §

3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the defendant's conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, the defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether the defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of prosecutorial misconduct (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

### Reinstitution of Prosecution

26. Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement. In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against him in all such proceedings.

27. If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute him for all charges as to which it has knowledge, and any charges that were dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. The defendant agrees that any stipulations set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

## Plea Addendum

28. This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

29. I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal.

30. I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

31. I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

32. My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any potential sentence referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

33. I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

34. I am satisfied that my defense attorney has represented me in a competent manner.

35. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## Factual Basis and Relevant Conduct

36. I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove the elements of the offense beyond a reasonable doubt:

> From February 20, 2018, to November 5, 2022, I was an officer or employee of the United States or a department or agency thereof, working as a Special Agent with the United States Secret Service. On or about December 20, 2021, while working in the Secret Service's Phoenix, Arizona Field Office, I retrieved a Ledger Nano S hard wallet from the office's secure evidence vault. The hard wallet had been seized by the Secret Service during the execution of a search warrant at the residence of N.M. in Phoenix, Arizona on December 16, 2021. After retrieving the hard wallet, I identified and reviewed the cryptocurrency it contained and wrote a report regarding its contents, which included both Bitcoin and XRP. After I examined the contents of the wallet, I returned it to the Secret Service evidence vault.
>
> On or about January 3, 2022, I utilized the private keys for the cryptocurrency in the hard wallet to transfer 1 Bitcoin, then worth approximately US$46,597, and 10,990 XRP, then worth approximately US$9,442.60, to two other wallets with unattributed ownership information that I owned or controlled, with one wallet receiving the Bitcoin (the "Bitcoin wallet") and one receiving the XRP (the "XRP wallet"). The next day, on January 4, 2022, I sent the Bitcoin from the Bitcoin wallet to accounts I owned at two cryptocurrency exchanges, Crypto.com and Coinbase. I then converted the majority of the Bitcoin into U.S. dollars, transferred the proceeds to bank accounts I owned at JP Morgan Chase, N.A. and Capital One, N.A., and later used the money to pay for personal expenditures, including the repayment of debt. Also on January 4, 2022, I sent 101 XRP in the XRP wallet to my Coinbase account that had received the Bitcoin; I then sent this XRP along with 10,878 XRP in the XRP Wallet

to SimpleSwap, a crypto exchange in the Cayman Islands, where I converted the XRP to U.S. dollar coins and then transferred them to my Crypto.com account. I then transferred the U.S. dollar coins to my Coinbase account, exchanged them for U.S. dollars, and sent the cash to bank accounts at Chase and Capital One, where I used the proceeds to pay for personal expenses.

I agree that I knowingly and willfully embezzled and converted the Bitcoin and XRP, which had come into my possession or under my control in the execution of my office or employment with the Secret Service, that this cryptocurrency belonged to N.M., and that I acted with the intention of depriving the owner of the use or benefit of cryptocurrency when I took it from the hard wallet. I also agree that the value of the cryptocurrency I took from the hard wallet on January 3, 2022, was $56,039.60.

12/5/24
Date

Anthony Joseph Evans
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

12/5/24
Date

Joshua F. Hamilton, Esq.
Attorney for Defendant

///

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

12/5/24
Date

David R. Zipps
Assistant U.S. Attorney